Brandie N. Charles, Bar No. 188892
bcharles@littler.com
Zeeshan Kabani, Bar No. 322638
zkabani@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Facsimile:  800.715.1330

Attorneys for Defendant
IHEARTMEDIA + ENTERTAINMENT, INC. (erroneously sued as "IHEARTMEDIA ENTERTAINMENT INC.")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO HERNANDEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>IHEARTMEDIA ENTERTAINMENT INC., a business entity, form unknown and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 2:26-cv-2128<br><br>*[Removed from Los Angeles Superior Court Case No. 26STCV02734]*<br><br>**DEFENDANT IHEARTMEDIA + ENTERTAINMENT, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**<br><br>Trial Date:      None Set<br>Complaint Filed: January 27, 2026 |

1

DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF ARMANDO HERNANDEZ AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendant IHEARTMEDIA + ENTERTAINMENT, INC. (erroneously sued as "IHEARTMEDIA ENTERTAINMENT INC.") ("Defendant" or "iHeartMedia") removes to this Court the state court action described herein. Defendant removes the captioned action from the Superior Court of the of State California for the County of Los Angeles. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. sections 1332, 1441, and 1446 due to complete diversity of the parties' citizenship.

## I.   STATEMENT OF JURISDICTION

This Court has original jurisdiction over this matter as it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a)(1).

## II.   PLEADINGS, PROCESS, AND ORDERS

On or about January 27, 2026, Plaintiff Armando Hernandez ("Plaintiff") filed a Complaint against iHeartMedia and Doe defendants in the Superior Court of the State of California, Los Angeles County, Case No. 26STCV02734 ("State Court Action"). Plaintiff asserts seven causes of action: 1) failure to pay all wages due including overtime in violation of Labor Code §§ 200, 204, 510, 1171, 1194, and 1198; 2) rest period pay, meal period pay, interest, attorney's fees, costs and penalties, and penalties pursuant to California Labor Code §§ 218.5, 218.6, 226.7, and 512; 3) disability discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940*(*a); 4) retaliation in violation of FEHA; 5) failure to take all necessary steps to prevent discrimination in violation of FEHA; 6) representative actions for violation of Business & Professional Code §17200 *et seq.*; and 7) failure to pay wages as earned and upon termination or resignation (Labor Code §§ 201-204).

On or about January 28, 2026, Plaintiff served iHeartMedia with the Summons,

Complaint, and all exhibits thereto. True and correct copies of these documents including attachments and exhibits are attached to the Declaration of Zeeshan Kabani in Support of Removal of Civil Action to Federal Court ("Kabani Dec."), ¶ 2, Ex. A. iHeartMedia filed an Answer to Plaintiff's Complaint in the Superior Court for the State of California for the County of Los Angeles on February 26, 2026. *Id.* at ¶ 3, Ex. B. Pursuant to 28 U.S.C. section 1446(d), the exhibits attached to the Kabani Dec. constitute all process, pleadings, and orders served on iHeartMedia. *Id.* at ¶ 4. To iHeartMedia's knowledge, no proceedings related hereto have been heard in the State Action. *Id.*

### III. TIMELINESS OF REMOVAL

This Notice of Removal is timely filed as to iHeartMedia because it is being filed within thirty days of January 28, 2026, the date on which iHeartMedia was served with the Complaint, and within one year of the initiation of the State Court Action. *See* 28 U.S.C. § 1446(b).

### IV. DIVERSITY JURISDICTION

This matter is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a) and is one which iHeartMedia may remove to this Court pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

#### A. The Parties Are Completely Diverse.

Plaintiff is a citizen of California and iHeartMedia is a citizen of Nevada and Texas. A person's domicile — that is, where they are and where they intend to remain — establishes citizenship for diversity purposes. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Residence creates a presumption of domicile. *Id.*; *D.C. v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary"); *see also Smith v. Simmons*, No. 105-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

"prima facie" case of domicile). Plaintiff resided in California at all times during his employment with iHeartMedia. Declaration of Victoria Moreno in Support of Removal of Civil Action to Federal Court ("Moreno Dec."), ¶ 7. iHeartMedia is informed and believes that further investigation and discovery will confirm that Plaintiff remains a resident of California with the intent to stay and was domiciled in California as of the filing of the Complaint. In fact, Plaintiff alleges that he was employed in California at all relevant times. Compl. ¶ 3. Accordingly, Plaintiff is a citizen of California for purposes of diversity jurisdiction.

A corporation is deemed a citizen of its state of incorporation and the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," i.e., its "nerve center," which is typically a corporation's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

iHeartMedia is incorporated under the laws of the state of Nevada with its principal place of business in Texas. Moreno Dec., ¶ 3. Its corporate headquarters are in San Antonio, Texas. *Id.* ¶ 4. Accordingly, iHeartMedia is a citizen of Nevada and Texas.

The citizenship of Does 1 through 50 is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

**B.     The Amount in Controversy Exceeds $75,000 Exclusive of Interest and Costs.**

Although iHeartMedia denies the validity and merits of Plaintiff's claims including the claims for monetary and other damages, the amount in controversy exceeds the threshold of $75,000.00, exclusive of interest and costs.

iHeartMedia need only show, by a preponderance of the evidence, that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co*,

**DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**

4910-5803-9442.2 / 098343.1110

102 F.3d 398, 403-04 (9th Cir. 1996). Further, the United States Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 87 (2014). The Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 84, 87. iHeartMedia need only plausibly allege that the amount in controversy exceeds $75,000 exclusive of interest and costs. *Id.* ("[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds the threshold. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy.") (internal citations and quotations omitted).

For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount the Complaint puts "in controversy," and not how much, if anything, Defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

### 1. Lost Wages.

During the last full year of his employment with iHeartMedia, 2023, Plaintiff earned $50,234.34. His hourly rate of pay was $24.03 and he worked approximately eight hours per day. Moreno Dec., ¶ 6, 9. Plaintiff separated from iHeartMedia on or about December 12, 2024, approximately one year and three months ago, making any alleged back pay damages in controversy from the date of termination to the time of removal approximately

**$62,792.93**. *Id*. at ¶ 6.

Additionally, the amount in controversy includes alleged front pay from the time of his removal to the time of trial. *Harrod v. Bass Pro Outdoor World, L.L.C.*, No. EDCV 17-02386-CJC(SHK), 2018 WL 705541, at *2 (C.D. Cal. Feb. 5, 2018) ("On Plaintiff's FEHA claims, she can seek an award of back pay from the time of the unlawful adverse action until the date of judgment, as well as front pay for the time after trial."). When no trial date has been set, "courts in employment cases have found that a year from the date of removal is a conservative estimate for front pay." *Olvera v. Quest Diagnostics*, No. 219CV06157RGKSK, 2019 WL 6492246, at *2 (C.D. Cal. Dec. 2, 2019) (citing *Reyes v. Staples Office Superstore, LLC*, No. 19-CV-07086-CJC(SKx), 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) (citing *Fisher v. HNTB Corp.*, No. 2:18-CV-08173-AB-MRW, WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018))). One year of alleged front pay that would accrue prior to trial equates to an additional **$50,234.34**, bringing Plaintiff's alleged lost wages in controversy to approximately **$113,027.27**. Plaintiff's alleged lost wages alone is enough to satisfy the amount in controversy burden required for a removal.

### 2.   Emotional Distress Damages.

The potential for emotional distress damages is properly considered in the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Plata v. Target Corp.*, Case No. CV 16-5496 PSG (MRWx), 2016 WL 6237798, *3 (C.D. Cal. Oct. 25, 2016). Defendants deny that Plaintiff is entitled to any emotional distress damages in this case. However, emotional distress awards in discrimination cases may be recovered, and Plaintiff's Complaint pleads recovery of same. *See Velez v. Roche*, 335 F. Supp. 2d 1022, 1040 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish"). *See also Ko v. The Square Grp. LLC*, JVR No. 1503030036, 2014 WL 8108413 (Cal. Sup. Ct. 2014) (awarding $125,000.00 for pain and

suffering in a FEHA discrimination case); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (collecting cases).

In *Kroske*, the Ninth Circuit affirmed the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000.00 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." 432 F.3d at 980. *See Plata*, 2016 WL 6237798, *3 (finding it possible that plaintiff could obtain $25,000.00 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses). Based on the conservative estimate from *Kroske* and the foregoing jury verdicts, a conservative estimate of the potential emotional distress damages at issue here is at least **$25,000**.

### 3. Punitive Damages.

Potential punitive damages are also properly included in the amount in controversy. *Davenport v. Mut. Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Plata*, 2016 WL 6237798, *3; *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 2:15-CV-04035-CAS (JEMx), 2015 WL 4554336, at *4 (C.D. Cal. July 27, 2015).

iHeartMedia denies that Plaintiff is entitled to punitive damages in this case, but Plaintiff has pled them. Punitive damage awards in discrimination cases may be awarded. California does not provide any specific monetary limit on the amount of punitive damages that may be awarded in cases under the FEHA. Cal. Civil Code § 3294. The proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds, the ratio between compensatory and punitive damages, and the ratio between damages and the defendant's net worth. Awards of four times the amount of compensatory damages have been found to comport with due process and, absent other factors, are otherwise affirmed. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-25 (2003).

Using a conservative estimate of punitive damages equal to twice Plaintiff's

7

**DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**

4910-5803-9442.2 / 098343.1110

emotional distress damages, the potential punitive damages in this case add an additional estimated **$50,000** to the amount in controversy.

### 4. Attorneys' Fees.

iHeartMedia denies that Plaintiff is entitled to any attorneys' fees in this case. However, attorneys' fees in discrimination cases may be awarded. Any estimate of attorneys' fees includes fees over the life of the case, not just fees incurred at the time of removal. *Fritsch v. Swift Transp. Co. of Arizona*, 899 F.3d 785, 795 (9th Cir. 2018). As such, while Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons*, 209 F. Supp. 2d at 1035 (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

The hours expended through trial in employment cases recently "have ranged from 100 to 300 hours." *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-091540AB (AJWx), 2015 WL 898468 at *6 (C.D. Cal. March 3, 2015) (citations omitted). Courts in this district have approved as reasonable attorneys' hourly rates in FEHA cases between $300 up to $1,000. *Khraibut v. Chahal*, No. 15-CV-04463-CRB, 2021 WL 1164940, at *25 (N.D. Cal. Mar. 26, 2021) (approving rates between $300 and $1,000 per hour in FEHA case); *Polee v. Cent. Contra Costa Transit Auth.*, 516 F. Supp. 3d 993, 997 (N.D. Cal. 2021) (approving rates between $800 and $850 per hour). Using a conservative estimate of 100 hours times a conservative rate of $500, potential attorney fees in this case add at least an additional **$50,000** to the amount in controversy.

In sum, iHeartMedia wholly denies that Plaintiff is entitled to any damages in this case. However, when the relief available to Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims exceeds the $75,000.00 jurisdictional requirement, exclusive of interest and costs, as the table below shows.

| | |
|---|---|
| Alleged/potential lost wages from termination to removal | $62,792.93 |

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

| Alleged/potential lost wages from removal to trial | $50,234.34 |
|---|---|
| Alleged/potential emotional distress damages | $25,000 |
| Potential punitive damages | $50,000 |
| Potential attorneys' fees | $50,000 |
| **Total amount in controversy** | **$238,027.27** |

## V. VENUE

Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a). Plaintiff originally brought this action in the Los Angeles County Superior Court. The appropriate assigned of this action is to the Western Division of this Court.

## VI. NOTICE OF REMOVAL

Contemporaneously with the filing of this Notice of Removal in this Court, written notice of such filing will be provided to Plaintiff's counsel and the Clerk of the Los Angeles County Superior Court.

## VII. CONCLUSION

Wherefore, the above-entitled action should be removed to this Court.

Dated:  February 27, 2026                     LITTLER MENDELSON, P.C.

/s/ Zeeshan Kabani
Brandie N. Charles
Zeeshan Kabani

Attorneys for Defendant
IHEARTMEDIA + ENTERTAINMENT, INC. (erroneously sued as "IHEARTMEDIA ENTERTAINMENT INC.")